REHEARING OPINION
PER CURIAM.
Plaintiff represents that he does “not understand the Court’s holding in the last paragraph of its decision” and asks an explanation.
We meant that plaintiff did not prove either the case he testified to and alleged in his petition or the case that the trial judge found.
Plaintiff’s testimony and that of his grandfather at trial time were rejected insofar as they testified that the grandfather accidentally shot plaintiff while handing him the gun. The trial judge, with ample support apart from simple disbelief, rejected that testimony. So plaintiff did not prove that case.
But the trial judge found that the grandfather’s negligence, “in placing on the TV a loaded and cocked . . . [automatic] pistol” caused plaintiff’s injury, in that when plaintiff removed the gun from the TV the cocked gun simply went off, injuring plaintiff. However, plaintiff did not prove that case either. Those facts are not contained anywhere in the record except in the insurer’s agent’s testimony of an un-' sworn statement by the grandfather in a telephone conversation, which was testified to only for purposes of showing a prior inconsistent statement by the grandfather so as to refute the grandfather’s sworn testimony, and not for purposes of establishing the truth of the grandfather’s un-sworn statement.
*1039 If the sworn statement and the unsworn statement were simple logical contradicto-ries, such that the falsity of one would entail the truth of the other, then rejection of the sworn statement would necessitate acceptance of the unsworn statement. But the statements here are merely contraries, and not contradictories: they cannot both be true, but they could both be false; the truth of one entails the falsity of the other but not vice versa. That a thing is red means that it is not green; but that a thing is not green does not mean that it is red: it could be blue.
What the record here proves is that plaintiff accidentally shot himself at his grandfather’s house with his grandfather’s gun. Because the sworn testimony has been appropriately rejected and there is no other proof, there is no proof of how the shooting occurred. There is therefore no basis upon which to hold the grandfather at fault in the shooting.